UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
William H. Walls
District Judge
—————

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

NOT FOR PUBLICATION

LETTER OPINION

ORIGINAL ON FILE WITH CLERK OF COURT

January 25, 2007

Appearances:

*Attorney for Appellants*
Ira G. Greenberg
Edwards, Angell, Palmer & Dodge LLP
750 Lexington Avenue, 8th Floor
New York, New York 10022

Cathy Fleming
Edwards, Angell, Palmer & Dodge LLP
51 John F. Kennedy Parkway
Short Hills, New Jersey 07078

*Attorneys for Respondents*
Lawrence M. Rolnick
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jersey 07068

Marc B. Kramer, Esq.
150 JFK Parkway, Suite 100
Short Hills, New Jersey 07078

Re:   Special Situations Fund, III, LP v. Cocchiola, et al.   (No. 02-3099 (WHW))
      Appeal of Magistrate's July 31, 2006 Order Granting Plaintiffs' Motion to Amend the
      Complaint

Dear Litigants:

This matter comes before the Court on appeal by appellant-defendant BDO Seidman, LLP ("BDO Seidman") from Magistrate Judge Hedges' July 31, 2006 order granting respondent-plaintiffs Special Situations Fund, III, L.P.'s and Special Situations Fund Cayman, L.P.'s ("The SSF Plaintiffs") motion to amend their complaint. Pursuant to Fed. R. Civ. P. 78, the Court decides this appeal without oral argument. Magistrate Judge Hedges' order is affirmed.

FACTS AND PROCEDURAL HISTORY

BDO Seidman, an accounting firm, is one of numerous defendants in litigation concerning fraud, negligence, and recklessness connected to public stock offerings by Suprema Specialties, Inc., a manufacturer and marketer of cheese products. BDO Seidman was Supreme Specialties' outside auditor during the period of the alleged fraud.

The SSF Plaintiffs are two institutional investors who, alongside other plaintiffs, have brought actions in the District of New Jersey for damages against BDO Seidman, Suprema's former officers and directors, and several investment firms that served as underwriters in two public stock offerings through which plaintiffs claim to have acquired Suprema stock. The SSF Plaintiffs asserted claims for relief under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), and Sections 10(b), 18, and 20 of the Securities and Exchange Act of 1934 (the "Exchange Act"), along with fraud and misrepresentation claims under state law. On defendants' motions, this Court dismissed all claims pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, as well as provisions of the Private Securities Litigation

Reform Act ("PSLRA"). In particular, this Court dismissed the SSF Plaintiffs' Section 18 claim because they failed to allege they had relied upon the defendants' misrepresentations.[1] This Court did not specify that the dismissal was with or without prejudice.

Though they could have moved for leave to amend the complaint, the plaintiffs elected to appeal this Court's dismissal of the complaints to the Court of Appeals for the Third Circuit. The Court of Appeals reversed this Court's order to dismiss the claims under Sections 11 and 12(a)(2) of the Securities Act and Section 10(b) of the Exchange Act as to at least some of the defendants, including BDO Seidman. The Court of Appeals affirmed this Court's dismissal of the Section 18 claim against all defendants.

On June 2, 2006, the SSF Plaintiffs moved before this Court to amend their complaint. Among other amendments, the SSF Plaintiffs sought to correct their Section 18 pleading by asserting that they had in fact relied upon the misrepresentations made by BDO Seidman. On July 31, 2006, Magistrate Judge Hedges issued an order granting the SSF Plaintiffs' request to amend their complaint.

BDO Seidman now appeals Magistrate Judge Hedges' July 31, 2006 order, claiming that the order was contrary to law and should be reversed.

STANDARD OF REVIEW

The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, see 28 U.S.C. § 636(b)(1)(B)-(C), and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. See 28

---

[1] This Court dismissed the other claims for various reasons, which are not relevant here.

U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Rule 72.1(a) of the Local Rules of the United States District Court for the District of New Jersey; Cipollone v. Liggett Group, Inc., 785 F.2d 1108 (3d Cir. 1986). Because a motion to amend a complaint a nondispositive matter, this Court will set aside Magistrate Judge Hedges' order only if it is clearly erroneous or contrary to law.

A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Engineering Ltd., 891 F. Supp. 1035, 1037 (D.N.J.1995) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)).

## DISCUSSION

This Court reviews the July 31, 2006 order for clear error, to determine whether Magistrate Judge Hedges misinterpreted or misapplied the relevant law when he allowed the SSF Plaintiffs to amend their complaint.

Rule 15 of the Federal Rules of Civil Procedure states that once a responsive pleading has been served, a party may amend its complaint "only by leave of court or by written consent of the adverse party" and "leave shall be freely given." Fed. R. Civ. P 15(a). A district court may permit a party to amend its complaint after a case has been remanded from the Court of Appeals, so long as it is "consistent with the appellate court's decision." 3-15 Moore's Federal Practice - Civil § 15.14 (2006). See 6 Wright & Miller, Federal Practice & Procedure § 1489 (2d ed. 1992).

4

If the Court of Appeals mandate prohibits the amendment of the Section 18 claim, then the order allowing the SSF Plaintiffs to amend their complaint misinterpreted or misapplied the law. This Court finds that the amendment is not inconsistent with the mandate and affirms Magistrate Judge Hedges' order.

Case law does not provide clear guidance in this instance. BDO Seidman primarily relies upon a Seventh Circuit case, Boland v. Engle, 113 F.3d 706 (7th Cir. 1997). In Boland the Seventh Circuit held that a plaintiff may not make demand upon a board in a security action after the appellate court had affirmed the district court's dismissal of the claims because demand was not excused. To establish the finality of the district court's initial dismissal without prejudice, the plaintiffs asked the district court to dismiss the entire complaint, including pending claims, with prejudice. The Seventh Circuit reasoned that the plaintiffs had forfeited the opportunity to make demand when they chose to abandon the action and "gamble" on appeal. The Seventh Circuit was reluctant to "indiscriminately allow plaintiffs to manufacture final decisions as a way around the normal rules" limiting interlocutory appeals. 113 F.3d at 714.

Nevertheless, Bolman suggests that the rule requiring plaintiffs to abandon vital claims to appeal claims that had been dismissed was not absolute, and "courts might bend this doctrine when the choice between complying with the District Court's order and appealing is particularly onerous." Id. The Seventh Circuit cites Wright and Miller, who state that "[s]ome relaxation of the abandonment requirement may be warranted . . . if there were strong grounds for challenging the interlocutory order and strong–but not sufficient–arguments that the order should be appealable without requiring manufactured finality." 15A Federal Practice & Procedure § 3914.8

5

(2d ed. 1992). The case law in other circuits also does not endorse an absolute abandonment rule. See Dartmouth Review v. Dartmouth College, 889 F.2d 13, 22 (1st Cir. 1989).

Here, it is not clear that the Court of Appeals intended to require that the SSF Plaintiffs abandon their Section 18 claim. Certainly, the transcript of the hearing before the Court of Appeals indicates that the panel considered whether the plaintiffs were required to stand on their complaint.[2] But the transcript and mandate do not indicate that the Court of Appeals in fact required the SSF Plaintiffs to stand on their complaint, much less that the panel intended that the SSF Plaintiffs abandon their Section 18 claim entirely by standing on their complaint.

Moreover, there is every indication that delaying appeal would have been onerous for the SSF Plaintiffs, and inefficient for the courts. This is especially so because the Court of Appeals determined, upon review of this Court's dismissal, that some vitality remains in a number of the complaint's counts. It appears the SSF Plaintiffs had "strong grounds for challenging" this Court's order. In the absence of a clear statement to that effect, the Court is reluctant to definitively interpret the Court of Appeals' mandate to prohibit the SSF Plaintiffs from reviving claims with minor pleading defects because they chose to appeal this Court's dismissal of viable claims. Had the Court of Appeals determined that the appeal lacked merit, this Court would find otherwise.

---

[2]The Third Circuit generally requires a plaintiff to "stand on the complaint" to manufacture finality and obtain review. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). The Third Circuit has never considered the impact of standing on the complaint upon amendment after remand, in contrast to other circuits' consideration of voluntary dismissal. See Powers v. Boston Cooper Corp., 926 F.2d 109, 112 (1st Cir. 1991); Rivera-Gomez v. De Castro, 843 F.2d 631, 635-36 (1st Cir. 1988).

Reviewing Judge Hedges' order for clear error, this Court finds that the order was not inconsistent with the mandate of the Court of Appeals. The order was not contrary to law, and so is affirmed.

## CONCLUSION

It is on this 25th day of January, 2007,

ORDERED that Magistrate Judge Hedges' July 31, 2006 order granting plaintiffs motion for leave to amend the complaint be and is hereby AFFIRMED.

s/ William H. Walls<br>
**William H. Walls, U.S.D.J.**